JAMIE LYNNE MARTOCCIO, Plaintiff-Appellant, v. WESTERN RESTAURANTS, INC., d/b/a Wendy's Old Fashion Hamburgers, Defendant-Appellee.

Fifth District   No. 5—96—0282

Opinion filed January 30, 1997.

Daniel R. Price and Jennifer W. Price, both of Wham & Wham, of Centralia, for appellant.

Jeffrey P. Hine, of Osburn, Hine, Kuntze & Yates, L.L.C., of Cape Girardeau, Missouri, for appellant.

JUSTICE CHAPMAN delivered the opinion of the court:

On September 29, 1994, plaintiff Jamie Lynne Martoccio filed a complaint against defendant for damages she sustained as a result of a fall in a Wendy's restaurant. Plaintiff argued that defendant, through its agents and employees, breached its duty of ordinary care to plaintiff by failing to inspect the floor of the restaurant, in permitting a wet substance to exist on the floor of the restaurant, and by failing to warn the plaintiff of the presence of the substance. Plaintiff did not sue defendant's employees. Defendant denied the allegations and alleged as an affirmative defense plaintiff's failure to keep a lookout.

At trial, the court refused plaintiff's instruction No. 14, which was Illinois Pattern Jury Instructions, Civil, No. 50.02 (3d ed. 1989) (hereinafter IPI Civil 3d), and plaintiff's instruction No. 23, which was IPI Civil 3d No. 50.11. Plaintiff's instruction No. 14 stated:

"Denise Higgins and Amy Hill were the agents of the defendant, Western Restaurants, Inc., at and before the time of this occurrence. Therefore, any act or omission of the agents at that time was in law the act or omission of the defendant, Western Restaurants, Inc."

Plaintiff's instruction No. 23 stated:

"The Defendant, Western Restaurants, Inc., is a corporation and can act only through its employees. Any act or omission of an employee within the scope of his employment is the action or omission of the Defendant corporation."

The jury returned a verdict in favor of defendant, and judgment was entered. The court denied plaintiff's post-trial motion, which raised the court's refusal of plaintiff's instructions Nos. 14 and 23, and plaintiff appeals on this narrow issue.

Before addressing the legal issue of whether the court erred in refusing to instruct the jury on agency, a brief review of the testimony is necessary.

Plaintiff testified that on the evening of August 26, 1994, while she was a patron at the Wendy's restaurant, she slipped on a wet substance on the restaurant floor and injured her left knee. Plaintiff testified she was wearing black flats and did not see the substance on the floor because she was carrying a soda from the counter to the table where her family was seated. Plaintiff testified that the first Wendy's employee to approach her after her fall was Amy Hill and that Hill told plaintiff that she was going to clean up the spill but she

did not get to it. About 30 minutes after her fall, plaintiff had her knee x-rayed at St. Mary's Hospital in Centralia. Plaintiff was placed on crutches and ultimately had two knee surgeries and underwent exercise programs designed to strengthen her knee. Plaintiff testified that at the time of the trial she continued to have significant debilitating problems from her knee injury, including the inability to straighten her leg, to walk up and down stairs, or to walk without pain for any significant distance.

Plaintiff's mother, Alice Balsano, who witnessed the accident, corroborated plaintiff's testimony. Balsano further testified that she observed what plaintiff had slipped on, and she described it as red, like french dressing, catsup, or chili sauce, and about eight inches across. Balsano testified that she observed marks where plaintiff had skidded in the substance. Balsano also testified that after plaintiff's fall Hill mopped up the area.

Denise Higgins and Amy Hill, both Wendy's employees, testified on behalf of defendant. Higgins testified that she was employed by defendant and was working when plaintiff fell. Higgins testified that at the time of the fall she was assigned to stock and upkeep the salad bar. Hill was also working in front of the counter cleaning trays. Higgins testified that employees were instructed to monitor the floor for spills. She further testified that she had been out of the room on two occasions prior to plaintiff's fall getting fresh food to refill the salad bar. Higgins testified that prior to the accident she did not notice any spill on the red brick floor. After the fall, Higgins cleaned up the area because plaintiff had spilled the drink she was carrying. Higgins denied seeing any red substance on the red brick floor.

■ The purpose of jury instructions is to convey to the jurors the correct principles of law applicable to the evidence presented. *Gaskin v. Goldwasser*, 166 Ill. App. 3d 996, 1009, 520 N.E.2d 1085, 1092 (1988). Each party is entitled to have a jury adequately instructed as to his or her theory of the case if it is supported by some evidence in the record. *Lewis v. Cotton Belt Route—St. Louis Southwestern Ry. Co.*, 217 Ill. App. 3d 94, 113, 576 N.E.2d 918, 933 (1991). The decision whether to instruct on an issue is within the sound discretion of the trial court, and the decision will be reversed only upon a showing of abuse of discretion. *Green v. Union Pacific R.R. Co.*, 269 Ill. App. 3d 1075, 1086, 647 N.E.2d 1092, 1099 (1995).

■ Plaintiff argues that without being instructed on agency, the jury may have concluded that a Wendy's employee was negligent in not cleaning up a known spill on the floor but still conclude that defendant was not negligent. Defendant argues that plaintiff's theory was based on premises liability rather than agency, and therefore, an agency instruction would have been error.

Assuming, without agreeing with defendant, that premises liability cases never involve agency relationships, we must reject defendant's contention that plaintiff's complaint does not allege an agency relationship. The complaint states:

"6. That defendant *through its agents and employees* breached its duty to plaintiff in one or more of the following ways:

a. Negligently failed to warn plaintiff of the dangerous condition on the restaurant floor when the defendant knew or in the exercise of reasonable care should have known that said floor would become slippery when wet and when defendant knew or should have known that said floor would become wet in the ordinary course of defendant's business.

b. Negligently permitted the dangerous condition of the wet substance to exist on the floor of the restaurant when in the exercise of reasonable care, defendant should have discovered its presence and removed the same.

c. Negligently failed to inspect the floor of the restaurant for the existence of wet substances when she knew or should have known that the floor of the restaurant would become wet and slippery in the ordinary course of its use." (Emphasis added.)

Lawyers understand that employers are liable for their employee's actions, but without instructions juries are neither expected nor presumed to have that knowledge. The purpose of instructions is to provide juries with the law applicable to the case so that they do have that knowledge. Without being instructed on agency, the jury in this case lacked a full and fair statement of the law to guide their deliberations and could have easily been misled. In a civil case, whenever there is an Illinois Pattern Jury Instruction that correctly states the law, the instruction should be used. *Doyle v. White Metal Rolling & Stamping Corp.*, 249 Ill. App. 3d 370, 378, 618 N.E.2d 909, 916 (1993), *appeal denied*, 152 Ill. 2d 557, 622 N.E.2d 1203 (1993); 134 Ill. 2d R. 239. We hold that the court abused its discretion in failing to give plaintiff's instructions Nos. 14 and 23 or another agency instruction. We reverse the court's judgment and remand for a new trial.

Reversed and remanded.

KUEHN, P.J., and GOLDENHERSH, J., concur.