GLORIA R. CLARK, Plaintiff-Appellee, v. OWENS-BROCKWAY GLASS CONTAINER, INC., Defendant-Appellant.

Fifth District   No. 5—96—0676

Opinion filed July 16, 1998.

Joseph J. O'Hara, Jr., Catherine M. Masters, and Neil Lloyd, all of Schiff, Hardin & Waite, of Chicago, and Harold G. Belsheim and William D. Shultz, Jr., both of Gallop, Johnson & Neuman, of Belleville, for appellant.

Kevin F. Blaine and Lanny H. Darr II, both of Coppinger, Carter, Schrempf & Blaine, Ltd., of Alton, for appellee.

JUSTICE MAAG delivered the opinion of the court:

The plaintiff, Gloria Clark, is a former employee of the defendant, Owens-Brockway Glass Container, Inc. (Owens-Brockway). Clark brought an action to recover damages for retaliatory discharge. On cross-motions for summary judgment, the trial court granted summary judgment in favor of Clark on the issue of liability. A jury trial on the issue of damages resulted in Clark being awarded more than $150,000. Following the denial of its posttrial motion, Owens-Brockway appealed.

Clark worked at Owens-Brockway from June 1989 until June 1992. She performed various kinds of unskilled labor and was paid approximately $11 per hour.

On March 3, 1992, she injured her back at work. She began treatment with her family physician, Dr. Hoelscher, on March 6, 1992. Dr. Hoelscher ordered her off work. On March 11, 1992, Clark was examined by Owens-Brockway's physician, Dr. Burch. Dr. Burch agreed with Dr. Hoelscher's orders. On March 13, 1992, Owens-Brockway began paying temporary total disability (TTD) payments to Clark.

While off work, Clark participated in a physical therapy/work-hardening program as prescribed by Dr. Hoelscher. Later, Dr. Hoelscher referred Clark to Dr. Johnson, an orthopedic surgeon. Clark continued the physical therapy/work-hardening program. The program was intended to rehabilitate Clark and facilitate her return to work at Owens-Brockway.

Owens-Brockway suspected that Clark was malingering. It hired an investigator to monitor Clark's daily activities, and on May 22, 1992, the investigator videotaped Clark mowing her lawn.

On May 24, 1992, David Bailey, the industrial relations director for Owens-Brockway, reviewed the surveillance tape. By letter dated June 1, 1992, Bailey informed Clark that she was suspended pending termination for "frudulent [sic] misrepresentation and conduct" in connection with her claims for workers' compensation. On June 3, 1992, a discharge hearing was held and Clark was fired. Clark then filed this action alleging retaliatory discharge against "Owens-Illinois, Inc."

■ Owens-Brockway first contends that the trial court erred in denying summary judgment in its favor. Owens-Brockway claims that the trial court incorrectly believed that it was required to rule in favor of one party or the other because both parties filed motions for summary judgment. Apparently, the court believed that by filing cross-motions for summary judgment the parties were in effect agreeing that no genuine issue of material fact existed. Owens-Brockway is correct in its contention that "the mere filing of cross-motions does not compel the court to grant summary judgment in favor of one party or the other." *Estate of Blakely v. Federal Kemper Life Assurance Co.*, 267 Ill. App. 3d 100, 109, 640 N.E.2d 961, 968 (1994). However, we are not bound by the trial court's reasoning and may rely upon any ground present in the record to sustain the trial court's decision. *Estate of Blakely*, 267 Ill. App. 3d at 109, 640 N.E.2d at 968, citing *Bell v. Louisville & Nashville R.R. Co.*, 106 Ill. 2d 135, 148, 478 N.E.2d 384 (1985).

The facts of this case amply demonstrate an issue in *every* workers' compensation case, *i.e.*, the nature and extent of the injury. Owens-Brockway argues that if it had an honestly held belief that Clark lied about or exaggerated her injuries, it has a valid, permissible basis for the discharge. It argues that if it believes an employee has lied or committed fraud, such *belief* is sufficient to immunize an employer from liability for wrongful discharge. *Wayne v. Exxon Coal USA, Inc.*, 157 Ill. App. 3d 514, 518, 510 N.E.2d 468, 471 (1987), is cited in support.

■ It is well settled in Illinois that, generally speaking, an at-will employee can be discharged for any reason or no reason at all. One of the exceptions to the general rule is a discharge in retaliation for filing a workers' compensation claim. *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 181, 384 N.E.2d 353, 357 (1978). In such a case, the employer's otherwise absolute right to terminate an at-will employee is curtailed. *Kelsay*, 74 Ill. 2d at 181, 384 N.E.2d at 357.

■ To recover for retaliatory discharge, a claimant must show that (1) he or she was an employee of the defendant before or at the time of the injury, (2) he or she exercised some right granted by the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1994)), and (3) his or her discharge was causally related to the exercise of rights under the Act. *Slover v. Brown*, 140 Ill. App. 3d 618, 620, 488 N.E.2d 1103, 1105 (1986). In the case at bar, both parties agree that Clark was an employee of Owens-Brockway at the time of the injury and that she exercised her right to benefits under the Act. The parties disagree as to whether her discharge was causally related to the exercise of her rights under the Act. This focuses our attention to a discussion of causation.

■ "Cause" is defined as "[s]omething that precedes and brings about an effect or a result." Black's Law Dictionary 221 (6th ed. 1990). "Related" is defined as "connected." Black's Law Dictionary 1288 (6th ed. 1990). The undisputed fact is that Clark filed for and was collecting workers' compensation benefits prior to her discharge. The undisputed fact is that she was discharged because her employer believed that her claim for benefits was exaggerated. Her employer admits that her discharge was connected to her workers' compensation filing and her collection of benefits since Bailey, the industrial relations director, thought she was malingering and collecting benefits to which she was not entitled. He used this as a basis to claim she was guilty of fraudulent acts justifying the termination of her employment. Therefore, her discharge was, as a matter of law, "causally related" to the filing of a claim under the Workers' Compensation Act. " 'When a first cause produces a second cause that produces a result, the first cause is the cause of that result.' " *Bocian v. Industrial Comm'n*, 282 Ill. App. 3d 519, 527, 668 N.E.2d 1, 6 (1996), quoting *Harper v. Industrial Comm'n*, 24 Ill. 2d 103, 109, 180 N.E.2d 480 (1962). The entry of summary judgment in favor of Clark was proper because her discharge was directly and proximately related to her claim for benefits. This does not mean that an employer may never discharge an employee who has filed for benefits under the Act. An employer may discharge an injured employee who has filed a workers' compensation claim as long as the reason for the discharge is wholly unrelated to the employee's claim for benefits under the Workers' Compensation Act. Given the undisputed facts of this case, the trial court was correct in granting summary judgment in favor of Clark.

This decision is in harmony with both *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 601 N.E.2d 720 (1992), and our previous decision in *Wayne v. Exxon Coal USA, Inc.*, 157 Ill. App. 3d 514, 510 N.E.2d 468 (1987). *Hartlein* is clear on the point that " 'it is *** the request for benefits that state law puts off limits.' " *Hartlein*, 151 Ill. 2d at 160, 601 N.E.2d at 728, quoting *McEwen v. Delta Air Lines, Inc.*, 919 F.2d 58, 60 (7th Cir. 1990). This rule prohibits an employer from discharging an employee in retaliation for making a claim. In the case at bar, plaintiff's claim is precisely what caused defendant to discharge the plaintiff. While an employer may discharge an employee claiming benefits for a valid and nonpretextual reason, a dispute about the nature and extent of the injury does not constitute such a valid reason. *Wayne* is distinguishable from the instant case. *Wayne* involved "bogus doctor's slips" and outright lies by the employee. *Wayne*, 157 Ill. App. 3d at 517-18, 510 N.E.2d at 470-71. That is vastly different from a simple dispute about the nature and extent of the injury.

If the employer's position was adopted, the rule announced in *Kelsay* would cease to exist. In *nearly every* case the employer believes that the employee is exaggerating the claim. If this belief justified discharge, no workers' compensation claimant could ever make a claim without risking discharge.

We wish to be clear on this point. An employer may not discharge an employee on the basis of a dispute about the extent or duration of a compensable injury. An employer that fails to heed this rule subjects itself to a retaliatory discharge action under *Kelsay*.

■ Owens-Brockway next contends that the trial court made erroneous evidentiary rulings during the trial on damages. It first claims that the court erred in allowing evidence of Clark's financial situation. Owens-Brockway relies on *Rush v. Hamdy*, 255 Ill. App. 3d 352, 627 N.E.2d 1119 (1993), to support this contention.

*Rush* was a medical malpractice action where it was implied during closing arguments that the doctor had no malpractice insurance and would be personally liable for any judgment rendered against him. *Rush*, 255 Ill. App. 3d at 360, 627 N.E.2d at 1124. On appeal, the court held that this evidence was not relevant to the issue of negligence. Its only purpose was to appeal to the sympathy of the jury, and it should not have been allowed. *Rush*, 255 Ill. App. 3d at 359, 627 N.E.2d at 1124.

In the present case, Clark was seeking money damages for emotional distress caused by losing her job. Part of the emotional distress was allegedly caused by the financial hardship involved in losing her job. The trial court correctly ruled that Clark's financial condition subsequent to her discharge was relevant to prove the emotional damages proximately resulting. We find no abuse of discretion in admitting the evidence.

■ Owens-Brockway claims also that it was not able to effectively cross-examine Clark because it was denied discovery of three pages of documents that it alleges Clark used to prepare for trial. Clark claims, and the trial court ruled, that the notes which Owens-Brockway requested disclosure of were actually her counsel's notes, written by counsel, and were thereby protected by the work-product doctrine (166 Ill. 2d R. 201(b)(2)). The three pages of notes were not made a part of the record, so we cannot review them. Owens-Brockway "must shoulder the burden of providing the reviewing court with a sufficient *** record." *People v. Cranford*, 119 Ill. App. 3d 226, 231, 456 N.E.2d 610, 614 (1983), citing *Teitelbaum v. Reliable Welding Co.*, 106 Ill. App. 3d 651, 435 N.E.2d 852 (1982). We must presume that the trial court ruled correctly, given the state of the record. *Cranford*, 119 Ill. App. 3d at 231, 456 N.E.2d at 614.

■ Owens-Brockway next claims that the court erred when it barred evidence of Clark's alleged failure to mitigate damages during the period prior to August 17, 1992, the date Dr. Johnson released her to resume work. Owens-Brockway claims this was error because if Clark had looked for employment prior to her medical release, but after being discharged, she may have been able to find employment, thus mitigating the alleged emotional distress.

In support of this claim, Owens-Brockway offered a videotape, recorded on May 22, 1992, showing Clark mowing her lawn. It is claimed that the tape is relevant evidence of Clark's ability to return to work prior to August 17. The trial court excluded the videotape. Whether to admit the videotape or not rested within the sound discretion of the trial court, and its exercise of that discretion will not be reversed absent an abuse. *Reid v. Sledge*, 224 Ill. App. 3d 817, 821, 587 N.E.2d 1156, 1160 (1992); *Carney v. Smith*, 240 Ill. App. 3d 650, 656, 608 N.E.2d 379, 383 (1992).

"It is well established in Illinois that films and videotapes, when properly authenticated and relevant, are admissible as demonstrative evidence." *Carney*, 240 Ill. App. 3d at 656, 608 N.E.2d at 383. Owens-Brockway claims that the videotape is relevant to Clark's claim for emotional distress because it tends to show that she was capable of working as early as May 22, 1992, and had she found employment she would not have suffered the financial hardship that caused her emotional distress. A review of the tape shows Clark following what appears to be a self-propelled mower. Occasionally she bends to pick up objects, such as a garden hose. The flaw in the argument made by Owens-Brockway lies in the fact that it is not the role of the employer, the circuit court, the jury, or this court to determine when Clark was able to return to work. The determination of the extent or duration of an employee's injury or disability is a question of fact for the *Industrial Commission*. *Amoco Oil Co. v. Industrial Comm'n*, 218 Ill. App. 3d 737, 748, 578 N.E.2d 1043, 1051 (1991). If Bailey wanted to challenge Clark's workers' compensation claim, or the extent of her injury, the correct route would have been through the Industrial Commission. The videotape was irrelevant.

■ Owens-Brockway next contends that the trial court erred in refusing to submit to the jury a special interrogatory that it tendered. The special interrogatory is not part of the record. The special interrogatory is not quoted anywhere in the record. As stated above, the appellant has the burden of supplying an adequate record to the reviewing court. The issue is waived.

■ Owens-Brockway's next argument is that the verdict was excessive. It is axiomatic that the amount of damages awarded lies within

the sound discretion of the jury. *Knecht v. Radiac Abrasives, Inc.*, 219 Ill. App. 3d 979, 983, 579 N.E.2d 1248, 1251 (1991). A reviewing court will not substitute its judgment for that of a jury unless the award is so large as to shock the conscience of the court or is outside the limit of fair and reasonable compensation. *Pry v. Alton & Southern Ry. Co.*, 233 Ill. App. 3d 197, 219, 598 N.E.2d 484, 500 (1992).

Owens-Brockway complains that the jury's verdict for future lost income was too speculative because it covers a 16-year period. Clark offered evidence showing her basis for requesting 16 years' worth of future lost income. Furthermore, she offered an economist who testified about how the amount was calculated for the 16-year period. We find the jury's award for future earnings to be supported by the evidence. Plaintiffs who prove retaliatory discharge are entitled to seek and receive those damages supported by the evidence and the law, as are plaintiffs in other tort actions. *Kritzen v. Flender Corp.*, 226 Ill. App. 3d 541, 557, 589 N.E.2d 909, 921 (1992), citing *Sloan v. Jasper County Community Unit School District No. 1*, 167 Ill. App. 3d 867, 870, 522 N.E.2d 334 (1988). It is for the trier of fact to determine appropriate, reasonable compensation. We believe that the award is supported by the evidence and the law.

■ Owens-Brockway next claims that there was insufficient evidence to support damages for emotional distress. This claim is premised on the fact that Clark's testimony was the only evidence offered on the issue of emotional distress. The existence or nonexistence of medical testimony goes to the weight of the evidence but does not prevent this issue from being submitted to the jury. *Corgan v. Muehling*, 143 Ill. 2d 296, 312, 574 N.E.2d 602, 609 (1991). Expert, or medical, testimony is not needed to prove things that are common knowledge. Any average, reasonable person can readily evaluate a claim of emotional distress alleged to result from a discharge and loss of earnings. After hearing Clark's testimony that her utilities were turned off and that she was forced to seek community help to feed her family, a jury could reasonably conclude that she suffered emotional distress.

■ Owens-Brockway's final contention is that the trial court erred in allowing Clark to amend the name of the party defendant from Owens-Illinois to Owens-Brockway on the eve of the jury trial for damages. This contention is without merit. "[W]here the real party in interest and the one intended to be sued is actually served with process in the cause, even though under the wrong name, *** if he *** appears and files an answer, he will be concluded by the judgment or decree the same as if he were described by his true name." *Fitzpatrick v. Pitcairn*, 371 Ill. 203, 208, 20 N.E.2d 280, 282 (1939). In this case, Clark intended to sue her employer, a company formerly known as

Owens-Illinois but now known as Owens-Brockway. Owens-Brockway was actually served with process. Owens-Brockway filed an answer and participated in pretrial matters without raising the issue of its correct name. The use of "Owens-Illinois" in the complaint was simply a misnomer and was not a case of mistaken identity as Owens-Brockway asserts. The trial court did not err in allowing Clark to correct the misnomer shortly before the trial on damages. "[The] [m]isnomer of a party is not a ground for dismissal[,] but the name of a party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 ILCS 5/2—401(b) (West 1994). We find no abuse of discretion in the court's action allowing the amendment.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

KUEHN and GOLDENHERSH, JJ., concur.