No. 3--07--0326

Filed May 16, 2008

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| TONI THORNTON, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF JASON ANTHONY EBNER, DECEASED, | ) ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| FRANCISCO J. GARCINI, M.D., | ) ) | No. 01-L-020 |
| Defendant-Appellant, | ) ) | |
| and | ) ) | |
| JANET WRY, R.N., Individually and as agent for SILVER CROSS HOSPITAL, et. al., | ) ) ) | Honorable Richard J. Siegel, |
| Defendants. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

Plaintiff, Toni Thornton, individually and as the special administrator of her deceased son's estate, brought suit against defendant, Dr. Francisco J. Garcini, for wrongful death, survival, and negligent infliction of emotional distress in relation to the death of her son during child birth and the circumstances of delivery. After a trial, a jury found defendant liable for negligent infliction of emotional distress and awarded plaintiff $700,000 in damages. Defendant filed a motion for judgment notwithstanding the verdict and request for setoff, which was denied by the trial court. Defendant appeals, arguing that his motion for judgment notwithstanding the verdict should have

been granted because: (1) plaintiff failed to prove negligent infliction of emotional distress by expert testimony as required under Illinois law, and (2) the verdict against him is in violation of the single-recovery rule.  In the alternative, defendant argues that he is entitled to a setoff of $175,000 based on the payment of a prior judgment in this case.  We affirm the rulings of the trial court.

FACTS

On August 28, 2000, plaintiff's infant son died during child birth.  The baby was born prematurely with an approximate gestational age of just under 24 weeks and a birth weight of almost two pounds.  Within a few minutes after plaintiff's water broke the baby partially delivered in a breech position but became entrapped at the head.  Defendant, plaintiff's obstetrician, was not present at the hospital at the time of the partial delivery and no other doctor was present to assist in the delivery.  As a result, plaintiff sat with the baby in a partially-delivered position for approximately one hour and ten minutes until defendant arrived at her bedside and delivered the baby.  The baby was deceased at that time.

Plaintiff subsequently brought suit against defendant, the nurses involved, and the hospital for wrongful death, survival, and intentional infliction of emotional distress.  A jury found defendant and the nurses not liable on all claims, ruled against the hospital on plaintiff's emotional-distress claim, and awarded plaintiff $175,000.

Plaintiff filed a posttrial motion challenging the jury verdict as to defendant, the hospital, and the nurses.  In the motion, plaintiff alleged, among other things, that the jury had been improperly exposed to prejudicial extrinsic information during their deliberations and that the trial court had erred in giving the jury certain instructions. While the motion was pending, plaintiff entered into a

agreement with the nurses and the hospital to settle all of plaintiff's and the estate's claims against those parties for $175,000. The written agreement specifically provided that the settlement would not effect plaintiff's claims against the instant defendant, the only party who did not settle with the plaintiff. The posttrial motion proceeded as to plaintiff's claims against defendant. After some discovery and a hearing, the trial court denied plaintiff's posttrial motion. This court subsequently reversed that ruling and remanded the case for a new trial on plaintiff's claims against the instant defendant. Thornton v. Garcini, 364 Ill. App. 3d 612, 621, 846 N.E.2d 989, 997 (2006).

The evidence presented at the second jury trial established the general circumstances of the delivery as described above. However, conflicting witness testimony was presented regarding the information that was conveyed to defendant during the delivery and the timing of that information. In addition, the expert-opinion witnesses disagreed as to whether defendant had breached the standard of care by not coming to the hospital earlier, and at least by implication, as to whether defendant's presence in the delivery room would have made any difference in the procedure that was followed. During the course of the second trial, plaintiff amended her complaint to conform to the proofs to include a claim of negligent infliction of emotional distress and elected not to submit a claim of intentional infliction of emotional distress to the jury. Although plaintiff, the baby's father, and plaintiff's mother testified regarding the effect that the baby's death and the circumstances of the delivery had on plaintiff, no expert witness was presented regarding plaintiff's claim for emotional distress. At the conclusion of the second trial, the jury found in favor of defendant on the wrongful death and survival claims, ruled in plaintiff's favor on the negligent infliction of emotional distress claim, and awarded plaintiff $700,000 in damages.

Defendant filed a posttrial motion for judgment notwithstanding the verdict alleging, among

3

other things, that plaintiff had failed to prove negligent infliction of emotional distress by expert testimony as required under Illinois law and that the verdict was in violation of the single-recovery rule. In the alternative, defendant requested that the amount of the damage award be setoff by $175,000 to reflect the hospital's payment in full of the prior verdict amount. The trial court denied defendant's motion for judgment notwithstanding the verdict and the request for setoff. This appeal followed.

ANALYSIS

As his first point of contention on appeal, defendant argues that his motion for judgment notwithstanding the verdict should have been granted because plaintiff failed to prove negligent infliction of emotional distress by expert testimony as required under Illinois law. Defendant contends that expert testimony is necessary to establish that the emotional distress was severe, that it was a reasonably foreseeable consequence of the alleged negligence, and to distinguish the emotional distress caused by the circumstances of the delivery from that caused by the death of plaintiff's son, the latter of which plaintiff cannot be compensated for under her emotional distress claim. Plaintiff argues that expert testimony is not required under Illinois law to establish a claim of negligent infliction of emotional distress.

A trial court's ruling on a motion for judgment notwithstanding the verdict is subject to a de novo standard of review. McClure v. Owens Corning Fiberglas Corp., 188 Ill. 2d 102, 132, 720 N.E.2d 242, 257 (1999). A motion for judgment notwithstanding the verdict should only be granted in those limited cases where all of the evidence and the inferences therefrom, viewed in the light most favorable to the nonmoving party, so overwhelmingly favors the movant that no contrary

4

verdict based on that evidence could ever stand. <u>Maple v. Gustafson</u>, 151 Ill. 2d 445, 453, 603 N.E.2d 508, 512 (1992). When ruling upon such a motion, the court does not weigh the evidence or make determinations of credibility and must not substitute its judgment for that of the jury merely because there are other inferences or conclusions that the jury could have drawn or because there are other results that the court believes is more reasonable. <u>Maple</u>, 151 Ill. 2d at 452-53, 603 N.E.2d at 512. "The court has no right to enter a judgment [notwithstanding the verdict] if there is any evidence, together with reasonable inferences to be drawn therefrom, demonstrating a substantial factual dispute, or where the assessment of credibility of the witnesses or the determination regarding conflicting evidence is decisive to the outcome." <u>Maple</u>, 151 Ill. 2d at 454, 603 N.E.2d at 512.

In the present case, the arguments of the parties on this issue center around an interpretation of our supreme court's ruling in <u>Corgan v. Muehling</u>, 143 Ill. 2d 296, 574 N.E.2d 602 (1991), a case where our supreme court applied a general-negligence approach to a claim of negligent infliction of emotional distress raised by a direct victim of the defendant's negligence. See <u>Corgan</u>, 143 Ill. 2d at 306, 574 N.E.2d at 606. Defendant points to the supreme court's statements in that case--that the "lack of precision is not a justifiable reason to preclude recovery, as expert witnesses such as psychiatrist, psychologists and social workers are fully capable of providing the jury with an analysis of a plaintiff's emotional injuries" and that "the women and men of the mental health care field have made significant improvements in the diagnosis, description and treatment of emotional distress"--as establishing a requirement that such claims must be proven by expert testimony. See <u>Corgan</u>, 143 Ill. 2d at 311-12, 574 N.E.2d at 609. Defendant notes that the Second District Appellate Court has interpreted the language from <u>Corgan</u> as establishing such a requirement. See <u>Hiscott v. Peters</u>, 324 Ill. App. 3d 114, 126-27, 754 N.E.2d 839, 850-51 (2001).

5

Plaintiff cites the fact that the supreme court adopted a general-negligence approach in Corgan and points to the supreme court's statement in that decision that it had "not lost its faith in the ability of jurors to fairly determine what is, and is not, emotional distress" as support for her argument that Illinois does not require expert testimony to establish negligent infliction of emotional distress. See Corgan, 143 Ill. 2d at 312, 574 N.E.2d at 609. Plaintiff notes that the Fifth District Appellate Court has interpreted the language from Corgan as establishing a rule that expert testimony is not required to prove emotional distress claims. See Clark v. Owens-Brockway Glass Container, Inc., 297 Ill. App. 3d 694, 701, 697 N.E.2d 743, 748 (1998) (addressing an issue of damages for emotional distress raised in the context of a retaliatory discharge case).

We believe that the sounder approach to this issue is that adopted by the Fifth District Appellate Court. Accordingly, we hold that in general, Illinois law does not require expert testimony to prove claims of negligent infliction of emotional distress. See Clark, 297 Ill. App. 3d at 701, 697 N.E.2d at 748; Bristow v. Drake Street Inc., 41 F.3d 345, 350 (7th Cir. 1994) (plaintiff not required to consult a psychiatrist or to present medical evidence to establish a claim of tortious infliction of emotional distress). Thus, we conclude that unlike a medical malpractice claim, a claim for emotional distress pursuant to a general-negligence approach, does not require expert testimony in order for the jurors to make their determination. Such a conclusion is consistent with our supreme court's application of a general-negligence approach to a direct victim's claims of negligent infliction of emotional distress. See Corgan, 143 Ill. 2d at 306, 574 N.E.2d at 606. We therefore reject defendant's argument on this issue.

As his next point of contention on appeal, defendant argues that his motion for judgment notwithstanding the verdict should have been granted because the verdict against him in the second trial violates the single-recovery rule. Specifically, defendant contends that plaintiff suffered a single

6

emotional-distress injury, that the jury in the first trial determined the amount of plaintiff's damages for that injury, that plaintiff did not appeal that determination, that plaintiff accepted full payment in satisfaction of the judgment amount, and that plaintiff cannot now seek additional damages (a second recovery) from defendant for that same injury. Plaintiff argues that defendant has waived this assertion by failing to raise it at any time prior to filing of the posttrial motion, that defendant's assertion is inconsistent with the Joint Tortfeasor Contribution Act (740 ILCS 100/0.01 et seq. (West 2006)), and that the second verdict does not violate the single-recovery rule because the jury in the second trial could have found that the negligent infliction of emotional distress claim against defendant was a separate injury.

As noted above, a trial court's ruling on a motion for judgment notwithstanding the verdict is subject to a <u>de novo</u> standard of review. <u>McClure</u>, 188 Ill. 2d at 132, 720 N.E.2d at 257. The motion should only be granted where the evidence and inferences therefrom viewed in the light most favorable to the nonmoving party so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. <u>Maple</u>, 151 Ill. 2d at 453, 603 N.E.2d at 512.

The single-recovery rule provides that when a plaintiff has been awarded damages in a lawsuit against one tortfeasor and then seeks to hold a second tortfeasor liable for the same injury in a subsequent lawsuit, the plaintiff is estopped by the former adjudication from recovering an amount of damages greater than that awarded in the first lawsuit. <u>Bodam v. City of Chicago</u>, 241 Ill. App. 3d 937, 941, 609 N.E.2d 802, 805 (1993). In addition, if the plaintiff has been fully compensated for that injury, he has no further negligence cause of action against another party for that same injury because his claim at that point lacks the essential element of damages. <u>Saichek v. Lupa</u>, 204 Ill. 2d 127, 137, 787 N.E.2d 827, 833 (2003); <u>Bodam</u>, 241 Ill. App. at 941, 609 N.E.2d at 805.

Before we apply the single-recovery rule in the present case, we must consider plaintiff's argument that defendant has waived this assertion by failing to raise it in the trial court at any time prior to the post-trial motion filed after the second trial. In light of the extensive procedural history in this case, we agree with plaintiff's waiver argument. A party cannot sit on its hands, let perceived errors into the record, and then complain of those errors for the first time in a post-trial motion. Moller v. Lipov, 368 Ill. App. 3d 333, 342, 856 N.E.2d 664, 673 (2006). Defendant did not raise the single-recovery rule during the post-trial phase of the first trial (after the settlement occurred), during the first appeal, during the pre-trial phase of the second trial, or at any time during the second trial. In addition, defendant's own jury instruction was the verdict form upon which the jury returned its verdict for plaintiff in the second trial. Had defendant asserted this issue at the second trial, plaintiff may have opted to submit a claim of intentional infliction of emotional distress to the jury. Under these circumstances, we find that defendant has waived for appeal his argument regarding the single-recovery rule. See Moller, 368 Ill. App. 3d at 342, 856 N.E.2d at 673. Having reached that conclusion, we need not address plaintiff's other arguments on this point.

As his third point of contention on appeal, defendant argues that trial court erred in denying his post-trial request for setoff. Defendant asserts that plaintiff received a judgment for a single injury of emotional distress, which was paid by the hospital in full, and must be setoff against the $700,000 in damages awarded by the jury for that same injury. Plaintiff argues that the prior judgment was not paid, but rather that plaintiff settled all claims against the hospital and the nurses for $175,000, and that defendant is not entitled to setoff because he has failed to show what portion of that settlement is allocable to plaintiff's claim of emotional distress.

It is well settled that an injured plaintiff may receive only one full compensation for his or her injuries. Pasquale v. Speed Products Engineering, 166 Ill. 2d 337, 368, 654 N.E.2d 1365, 1381

8

(1995); Klier v. Siegel, 200 Ill. App. 3d 121, 127, 558 N.E.2d 583, 588 (1990). Double recovery for the same injury is not allowed. Klier, 200 Ill. App. 3d at 127, 558 N.E.2d at 588. Where a plaintiff has suffered a single injury caused by the negligence of multiple defendants, any amounts received for that same injury from any of the defendants, as the result of a judgment or a settlement, must be deducted or setoff from the total amount of damages sustained. See Barkei v. Delnor Hospital, 207 Ill. App. 3d 255, 265, 565 N.E.2d 708, 713-14 (1990); 740 ILCS 100/2(c) (West 2006). This setoff prevents the plaintiff from receiving a double recovery. Pasquale, 166 Ill. 2d at 368, 654 N.E.2d at 1381-82. The determination as to which of several claims a settlement award should be attributed to for the purposes of setoff is a matter within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of discretion. Pasquale, 166 Ill. 2d at 369, 654 N.E.2d at 1382. The party seeking setoff has the burden of proving what portion of a prior settlement was allocated or attributable to the claim for which he or she is liable. Pasquale, 166 Ill. 2d at 369, 654 N.E.2d at 1382. A court considering a request for setoff will not speculate about such matters and will deny the request if the party seeking setoff has failed in that burden. See Dolan v. Gawlicki, 256 Ill. App. 3d 153, 156-57, 628 N.E.2d 1188, 1190-92 (1994).

In the present case, we agree with plaintiff's assessment that the $175,000 payment was part of a settlement agreement, rather than the mere payment of the prior judgment. At the time of the settlement agreement, plaintiff had filed her posttrial motion challenging the verdict in the first trial. At that point, all of plaintiff's claims against each of the defendants, both individually and on behalf of the estate, were still active for the purposes of further review. Plaintiff and the nurses and the hospital entered into a settlement to avoid the uncertainty of an appeal and to establish a final resolution of those claims. The settlement agreement specifically provided that plaintiff was not settling her claims against the instant defendant and could pursue those claims further. Defendant

9

has made no showing as to what portion of the $175,000 settlement is allocable to plaintiff's emotional distress claim. This court will not speculate as to a proper allocation. See <u>Dolan</u>, 256 Ill. App. 3d at 155, 628 N.E.2d at 1189-91. Defendant's request for setoff, therefore, was properly denied.

For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

Affirmed.

HOLDRIDGE J. and MCDADE, P. J. concurring.