**NONPRECEDENTIAL DISPOSTION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 7, 2010
Decided June 10, 2010

**Before**

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2680

| | |
|---|---|
| JOSEPH R. BUZINSKI, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:08-cv-03966 |
| AMERICAN AIRLINES, | |
| INCORPORATED, | Suzanne B. Conlon, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

      Joseph R. Buzinski appeals from a grant of summary judgment dismissing the case he brought against his former employer American Airlines, Inc., for retaliatory discharge under Illinois law.  Our jurisdiction rests on diversity of citizenship.  The district court found that Buzinski failed to establish that his discharge was causally connected to his plan to file a claim for workers' compensation benefits.  First, the facts.

American Airlines hired Buzinski in 2000 to work as a fleet service clerk at O'Hare International Airport. He became an aircraft fueler in 2007 and injured his right arm and shoulder at work on October 21 of that year. Buzinski reported the injury to his manager Dianna Shirley, who completed an accident form and reviewed American's "Ground Employee Injury On Duty Information Package" with him. Shirley called Buzinski's house at least twice between October 21 and November 5 in order to schedule a board of inquiry hearing, which is a fact-finding session to determine an injury's cause. During one phone call, Buzinski told Shirley he could not get to O'Hare for a hearing because his doctor had restricted him from driving and had told him not to take public transportation because he might re-injure his shoulder. However, in a subsequent call Shirley was told that Buzinski was "out picking up his son," so she suspected Buzinski was lying about not being able to attend the hearing.

Shirley called Buzinski on November 6 to try to schedule a hearing, but Buzinski again claimed he could not get to O'Hare. Accordingly, Shirley and Buzinski's union steward held the board of inquiry session over the phone the following day. Buzinski confirmed that the hearing was taking place over the phone because his doctor had advised him not to drive. In the meantime, American was investigating Buzinski's activities to see if Shirley's suspicions were warranted. Surveillance on November 6 and 8 established that Buzinski was driving his car despite what he told Shirley. An investigatory meeting was held on November 20, 2007, pursuant to Buzinski's collective bargaining agreement, where Buzinski admitted to driving and said he could have taken public transportation. As a result, he was terminated for violating American's rules against dishonesty.[1] Buzinski filed a claim for workers' compensation benefits about a month after his discharge, and he filed this lawsuit several months later. As an aside, we note that Buzinski grieved the termination under American's collective bargaining agreement with his union. The grievance was denied and neither Buzinski nor his union took the matter to arbitration.

As an initial matter, Buzinski argues that the district court abused its discretion in refusing to accept many of the facts he submitted in response to American's summary judgment motion under Northern District of Illinois Local Rule 56.1. We review a district court's decision concerning whether a litigant complied with a local rule for an abuse of discretion. *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809 (7th Cir. 2005). In the context of Rule 56.1, we have repeatedly held that a district court may require strict

---

[1] Buzinski argues that American had already fired him on November 5. In support, he refers to an exhibit that lists him as "Terminated/Resigned" as of November 5. However, the exhibit is an unauthenticated document, and Buzinski's complaint alleges he was terminated November 20, which amounts to a binding judicial admission.

compliance. *Id*. Rule 56.1 governs summary judgment procedure and requires the opposing party to respond to the movant's statement with specific references to affidavits, parts of the record, and other supporting materials. The district judge refused to accept many of Buzinski's statements because she found that he relied on nonresponsive evidence and improper factual characterizations. In so ruling, the judge noted the breaks she had already given Buzinski: after Buzinski received a final extension to respond to American's motion, he filed Rule 56.1 statements without the referenced evidence. The judge granted leave to remedy the deficiency, but Buzinski's materials remained deficient. We find the district court did not abuse its discretion in refusing to accept Buzinski's unsupported statements.

Moving to our de novo review of the retaliatory discharge claim, Buzinski alleges he was fired for exercising his rights under the Illinois Workers' Compensation Act. When a federal court exercises diversity jurisdiction to hear a retaliatory discharge claim, we have said it is an open question, under the *Erie* doctrine, whether Illinois or federal law applies. *McCoy v. Maytag*, 495 F.3d 515, 521 (7th Cir. 2007). However, we used the Illinois framework without discussion of the *Erie* question in *Dotson v. BRP U.S. Inc.*, 520 F.3d 703 (7th Cir. 2008); and Buzinski bases his claim solely on Illinois law, so we will apply state law.

Buzinksi argues that *Clark v. Owens-Brockway Glass Container, Inc.*, 697 N.E.2d 743 (Ill. App. Ct. 1998), established a per se rule for recovery in workers' compensation retaliatory discharge cases. This argument fails not only because he raises it for the first time on appeal, but also because Illinois courts have explicitly rejected a per se rule. *See, e.g., Grabs v. Safeway, Inc.*, 917 N.E.2d 122. 124 (Ill. App. Ct. 2009).

To succeed under Illinois law, Buzinski must show he was discharged in retaliation for his activities in violation of a clear mandate of public policy. *McCoy*, 495 F.3d at 520-521. Firing an employee for exercising workers' compensation rights was first recognized as a violation of Illinois public policy over thirty years ago in *Kelsay v. Motorola, Inc.*, 384 N.E. 353, 357 (Ill. Sup. Ct. 1978). There are three elements to a claim of retaliatory discharge in the workers' compensation context. Buzinski must show (1) that he was the defendant's employee before his injury; (2) that he exercised a right granted by the Workers' Compensation Act; (3) and that his discharge was causally connected to filing a workers' compensation claim. *Dotson*, 520 F.3d at 707. The first two prongs are not in dispute. The only question is whether Buzinski can prove causation. If American had a valid, non-pretextual basis for terminating employment, Buzinski cannot show causation and his claim fails. *See McCoy*, 495 F.3d at 521 (7th Cir. 2007).

Rules 16 and 34 of American Airlines Rules and Regulations—to which Buzinski was subject as an aircraft fueler—prohibit "misrepresentation of facts" and

provide that "[d]ishonesty of any kind in relations with the company is . . . grounds for dismissal." Buzinski told Shirley multiple times that he could not get to O'Hare for a hearing—either by driving himself or taking public transportation—and yet surveillance established that this was untrue. Buzinski admitted as much at the November 20 hearing. Because American had a valid, non-pretextual basis for terminating Buzinski's employment, his claim fails.

For these reasons we **AFFIRM** the district court's grant of summary judgment.