NOTICE

Decision filed 01/24/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190164-U

NO. 5-19-0164

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JON H. McANELLY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 15-L-80 |
| | ) | |
| SOUTHERN ILLINOIS POWER COOPERATIVE, | ) | Honorable |
| | ) | Brad K. Bleyer, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court.
Presiding Justice Welch and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: Order denying plaintiff's motion for new trial affirmed, where motion duplicated issues in plaintiff's pretrial motion for summary determination of facts, which was denied in an interlocutory, unappealable order, and denial of nonpattern jury instructions requested by plaintiff at trial was not an abuse of discretion.

¶ 2    The plaintiff, Jon H. McAnelly (Jon), appeals the March 25, 2019, order of the circuit court of Williamson County that denied his motion for a new trial, after a jury returned a verdict in favor of the defendant, Southern Illinois Power Cooperative (SIPC). For the following reasons, we affirm.

1

¶ 3                                   BACKGROUND

¶ 4     On June 22, 2015, Jon filed in the circuit court a two-count complaint for retaliatory discharge and punitive damages. Count one alleged that on April 8, 2014, and September 30, 2014, Jon was injured while working for SIPC, and on December 1, 2014, Jon filed a workers' compensation claim against SIPC. The complaint alleged that on or about January 26, 2015, Jon was terminated from employment by SIPC, that the termination was related to his filing of the workers' compensation claim, and that he was damaged as a result of the termination. Count one requested damages in excess of $50,000 plus costs.

¶ 5     Count two alleged that SIPC's decision to discharge Jon was made with actual malice directed toward Jon for his decision to seek redress for injuries, in wanton disregard of Jon's right to seek recovery for injuries under the Illinois Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2014)). Accordingly, count two requested punitive damages in an amount no less than $50,000 plus costs.

¶ 6     On May 14, 2018, Jon filed a motion for summary determination of facts, pursuant to section 2-1005(d) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1005(d) (West 2018)).[1] The motion alleged that the following facts are indisputable: Jon's employment with SIPC was governed by a Collective Bargaining Agreement (CBA) containing a sick leave policy that allows SIPC to terminate employees who abuse

---

[1]Although Jon labeled this pleading as a motion for summary determination of facts, the Code identifies the same as a motion for summary determination of major issues. See 735 ILCS 5/2-1005(d) (West 2018). We further reference this pleading in our disposition as a motion for summary determination of facts.

the policy. Jon was injured during his employment in April 2014 and September 2014 and filed accident reports associated with said injuries. Todd Gallenbach is a manager at SIPC who suspected that Jon was abusing the sick leave policy. Gallenbach reviewed Jon's time sheets for the years 2013 and 2014 and discovered that Jon claimed to be sick on the following dates: May 2, 2014; May 5, 2014; June 3, 2014; June 20, 2014; July 14, 2014; August 27, 2014; November 20, 2014; November 25, 2014; and December 13, 2014.

¶ 7   The motion for summary determination of facts further alleged that the following facts are indisputable: Gallenbach conceded that it is not a violation of SIPC's sick leave policy for an employee to miss work to receive treatment for workers' compensation injuries. Jon treated with a chiropractor after the first accident and attempted to classify the missed work associated with the chiropractor appointments as workers' compensation leave but was allegedly informed by SIPC's workers' compensation overseer that he was required to classify the appointments as sick leave. Jon was terminated after Gallenbach's investigation.

¶ 8   The motion for summary determination of facts cited *Clark v. Owens-Brockway Container, Inc.*, 297 Ill. App. 3d 694, 696 (1998), in which the plaintiff was injured on the job on March 3, 1992, began treating with a doctor—who ordered her to cease work—on March 6, 1992, and commenced receiving temporary total disability payments from her employer on March 13, 1992. The defendant employer's physician agreed that the cease-work order was appropriate. *Id*. While off work, the plaintiff participated in a physical therapy program to facilitate her return to work. *Id.* Meanwhile, the employer

3

suspected the plaintiff was malingering and hired a detective to observe the plaintiff. *Id*. On May 22, 1992, the investigator videotaped the plaintiff mowing her lawn, after which the employer informed the plaintiff that "she was suspended pending termination for 'fraudulent *** misrepresentation and conduct' in connection with her claims for workers' compensation." *Id*. Following a hearing, the plaintiff was terminated. *Id.* Subsequently, the plaintiff filed a retaliatory discharge action, and the circuit court granted summary judgment in favor of the plaintiff. *Id*.

¶ 9 The appellate court in *Clark* held that an employer may terminate an employee who is injured and filed a claim for workers' compensation, so long as the reason for the termination is "wholly unrelated" to the workers' compensation claim. *Id*. at 698. The court emphasized that "[t]he determination of the extent or duration of an employee's injury *** is a question of fact for the Industrial Commission." (Emphasis omitted.) *Id*. at 700. Summary judgment for the plaintiff was affirmed, as the appellate court found the plaintiff's discharge was causally related to the plaintiff's claim for workers' compensation, as it was based on the employer's belief that the plaintiff was malingering and collecting benefits from workers' compensation to which she was not entitled. *Id*.

¶ 10 Here, the plaintiff's motion for summary determination of facts alleged that the instant case is like *Clark* because the Illinois Workers' Compensation Commission—not SIPC—had the prerogative to decide if Jon's chiropractic treatment was for workers' compensation. The motion alleged that SIPC refused to allow Jon to treat the appointments as workers' compensation leave, "insisted that they be treated as sick leave," then terminated Jon for abusing the sick leave policy. Accordingly, the motion

4

requested the circuit court to enter an order, finding that SIPC violated public policy by terminating Jon under these circumstances, and requested a jury instruction to that effect.

¶ 11 On June 6, 2018, SIPC filed a response to Jon's motion for summary determination of facts. The response cited section 5.21 of the CBA, which provides:

> "No employee *** shall absent himself from duty without securing permission from the manager *** and in case of illness shall use every effort to notify the manager *** in ample time before working hours. It is understood that illnesses preventing an employee from making it to work are called into the Leadmen. *** Supervisor need [*sic*] to be notified on expected time off. Office visits have to have permission [*sic*] from the Production Manager ***. All office visits need to be scheduled outside of normal working hours."

¶ 12 The response alleged, *inter alia*, that the following issues of fact existed to preclude a summary determination of facts: Jon had for years scheduled non-acute medical visits during work hours without previously notifying his supervisor and took time off work without first allowing SIPC to accommodate any physician-imposed work restrictions. Due to Jon repeatedly leaving work for chiropractic treatment without first notifying SIPC, Jon was counseled and warned by Todd Gallenbach—with the consent and agreement of Jon's union representative, Steve Hughart—about his abuse of the sick leave policy. Diane Karnes documented in a memorandum dated December 8, 2014, that after being counseled that his conduct violated the CBA, Jon continued leaving work without notice and continued scheduling routine office visits during work hours. The

response alleged that it is a disputed fact whether SIPC knew that Jon was receiving medical treatment for a work-related accident.

¶ 13    The response further alleged the following: The initial injury report Jon submitted in relation to the April 10, 2014, accident was accompanied by the safety investigation report of SIPC engineer, Jim Webb.  Jon reported to Webb that *he did not seek medical attention*, "but just wanted to submit a report in case he has any ill effects from the incident."  Jon did not file a workers' compensation application for adjustment of claim on the April 2014 accident until June 2015—more than six months after his discharge from SIPC.  According to the response, the workers' compensation application for the September 30, 2014, accident was not filed until December 1, 2014, and was not received by SIPC until after Jon was terminated "in early December 2014."[2]

¶ 14    The response further alleged as follows: There is no evidence that SIPC should have been aware that Jon was taking unscheduled leave from work to receive treatment for a work injury.  Jon admitted he was involved in an automobile accident in January 2014 when he struck a deer.  The bills from the chiropractor that Jon attached to his motion for summary determination of facts show payment by Pekin Insurance Company—Jon's automobile insurance carrier.  SIPC's group health coverage is provided by Blue Cross Blue Shield and its workers' compensation coverage is provided by Federated Insurance.  Jon did not turn in bills for payment to SIPC for payment by its

---

[2] The date of termination asserted in the response differs from the date of termination of January 26, 2015, as alleged in the complaint and the letter of termination in the record dated January 27, 2015.

compensation carrier. Submitting the chiropractor bills to his auto insurance carrier indicates that the treatment Jon received was related to the automobile accident.

¶ 15 The response alleged that there is no evidence that Jon was receiving treatment for a work-related injury on the dates he left work—without notifying his managers—to attend the chiropractor appointments. The chiropractor's records from the day before Jon's April 2014 accident at SIPC reflect that Jon has a history of neck and back pain dating back to his automobile accident in January 2014. The response alleged that there is no link between Jon's termination and any exercise of his rights under the Act, absent a finding that SIPC knew Jon was leaving work due to a work-related injury. The response requested the circuit court to deny Jon's motion for summary determination of facts and to deny the correlating, requested jury instruction.

¶ 16 A hearing on the motion for summary determination of facts was held on July 9, 2018. The following day, the circuit court entered an order by docket entry denying the motion, indicating the written briefs, affidavits, sworn deposition testimony, arguments of counsel, and case law were fully considered. A jury trial on the merits was conducted December 4 through 7, 2018. At the conclusion of Jon's case-in-chief, SIPC moved for a directed verdict—which the circuit court denied—and moved to strike Jon's claim for punitive damages, which the circuit court granted.

¶ 17 At the jury instruction conference, Jon tendered Plaintiff's Instructions 17 and 18. Plaintiff's Instruction 17 is a non-Illinois Pattern Instruction (IPI) and provides as follows: "An employer may discharge an employee who has exercised his right under the

Illinois Workers['] Compensation Statutes only if the reason for the discharge is wholly unrelated to the employee's claim for benefits under the Workers['] Compensation Act."

¶ 18    Plaintiff's Instruction 18—also a non-IPI—provides as follows:

"It is a violation of the law of the State of Illinois for an employer to terminate an employee because the employer believes that the employee's Workers['] Compensation Claim is fraudulent. Whether an employee's Workers['] Compensation Claim is a legitimate claim or a fraudulent claim, it's a decision that must be made solely by the Illinois Workers['] Compensation Commission."

¶ 19    The circuit court denied Plaintiff's Instructions 17 and 18. After deliberations, the jury returned its verdict in favor of SIPC, and on December 10, 2018, the circuit court entered judgment on the verdict.

¶ 20    On January 9, 2019, Jon filed a motion for a new trial. Many of the alleged indisputable facts enumerated in the motion for summary determination of facts are restated in the motion for a new trial. Both motions cite *Clark* and claim its applicability to the instant case. The motion for a new trial contends that the issue was preserved by filing the motion for summary determination of facts and by tendering the correlating jury instructions. The motion requested a new trial and requested that Plaintiff's Instructions 17 and 18 be given to the jury at the new trial. On March 25, 2019, after a hearing, the circuit court denied the motion for a new trial. Jon filed a timely notice of appeal.

¶ 21                                      ANALYSIS

¶ 22    In his notice of appeal, Jon challenges the order denying his motion for a new trial. "A court's ruling on a motion for a new trial will not be reversed except in those instances where it is affirmatively shown that it clearly abused its discretion." *Maple v. Gustafson*, 151 Ill. 2d 445, 455 (1992). "The circuit court abuses its discretion only if it acts arbitrarily without the employment of conscientious judgment, exceeds the bounds of reason and ignores recognized principles of law, or if no reasonable person would take the position adopted by the circuit court." *Frulla v. Hyatt Corp.*, 2018 IL App (1st) 172329, ¶ 26.

¶ 23    The allegations in the motion for a new trial are incorporated into the issues on appeal and are summarized as follows: (1) whether the circuit court erred by denying Jon's motion for summary determination of facts; (2) whether the circuit court erred by refusing to allow Plaintiff's Jury Instructions 17 and 18; and (3) whether the ruling in *Clark v. Owens-Brockway Container* (297 Ill. App. 3d 694) should be extended to cases where an employee exercises his right to seek medical treatment and to cases where an employer refuses to allow an employee to claim work absences as workers' compensation leave, requires the employee to claim the absences as sick leave, then terminates the employee for violating the sick leave policy.

¶ 24                    *I. Motion for Summary Determination of Facts*

¶ 25    The first issue is whether the circuit court erred by denying Jon's pretrial motion for summary determination of facts. 735 ILCS 5/2-1005(d) (West 2018). Any order denying a motion under section 2-1005(d) of the Code is not appealable because, by its

very nature, such an order is interlocutory and not final because it does not dispose of a claim. *Morningside North Apartments I, LLC v. 1000 N. LaSalle, LLC*, 2017 IL App (1st) 162274, ¶ 8.

¶ 26 Moreover, regarding the reviewability of a matter, "[a]s a general rule, when a motion for summary judgment is denied and the case proceeds to trial, the denial of summary judgment is not reviewable on appeal because the result of any error is merged into the judgment entered at trial." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 355 (2002). "The rationale for this rule is that review of the denial order would be unjust to the prevailing party, who obtained a judgment after a more complete presentation of the evidence." *Id*. at 355-56.

¶ 27 Applied to this case, the circuit court denied Jon's motion for summary determination of facts because no major issues were found to be summarily determinable, and issues of fact were found to have existed, requiring resolution by conducting a trial on the merits. Because the matter went to a full trial, Jon may not challenge the denial of the pretrial motion for summary determination of facts on appeal, which was based on less evidence—obtained only from the pleadings and affidavits. See *Paulson v. Suson*, 97 Ill. App. 3d 326, 328 (1981). The jury's verdict in favor of SIPC based on the evidence at the trial further supports the circuit court's conclusion that a summary determination of facts was inappropriate because genuine issues of fact existed.

¶ 28                                    *II. Jury Instructions*

¶ 29 The next issue on appeal is whether the circuit court erred by refusing to give Plaintiff's Jury Instructions 17 and 18. "The purpose of jury instructions is to convey to

10

the jurors the correct principles of law applicable to the evidence presented." *Martoccio v. Western Restaurants, Inc.*, 286 Ill. App. 3d 390, 392 (1997). "A trial court has discretion in determining which instructions to give." *LaSalle Bank, N.A. v. C/HCA Development Corp.*, 384 Ill. App. 3d 806, 813 (2008). "[T]he proper standard of review of a trial court's refusal to give a requested jury instruction is abuse of discretion." *People v. McDonald*, 2016 IL 118882, ¶ 69. "When deciding whether a trial court abused its discretion, a reviewing court will review the jury instructions in their entirety, to determine whether they fairly, fully and comprehensively informed the jury of the relevant law." *LaSalle Bank*, 384 Ill. App. 3d at 813. "The trial court does not abuse its discretion by refusing to give a nonpattern instruction if an appropriate pattern instruction exists." *Schultz v. Northeast Illinois Regional Commuter R.R. Corp.*, 201 Ill. 2d 260, 285 (2002). In fact, "[a] trial court is *required* to use an Illinois Pattern Jury Instruction when it is applicable in a civil case after giving due consideration to the facts and the prevailing law, unless the court determines that the instruction does not accurately state the law." (Emphasis added.) *Id.* at 273. "If the pattern instruction does not accurately state the law, the court may instruct the jury pursuant to a nonpattern instruction." *Id.*

¶ 30     Here, Jon's cause of action was retaliatory discharge. The jury instructions at issue are Plaintiff's Instructions 17 and 18. Both are nonpattern instructions which were rejected by the circuit court. The instructions on the law of retaliatory discharge that were given to the jury were pattern instructions (IPI Civil (2018) Nos. 250.01, 250.02, 15.01). Accordingly, we must determine if those instructions were appropriate (*Schultz*,

11

201 Ill. 2d at 285) by comprehensively, fairly, and fully informing the jury of the relevant law (*LaSalle Bank*, 384 Ill. App. 3d at 813).

¶ 31   Plaintiff's Instruction 3 (IPI Civil (2018) No. 250.01) was given and instructed the jury regarding the issues reflected in the parties' pleadings as follows:

"[1] The Plaintiff claims that he was an employee of the Defendant on January 27, 2015.

[2] The Plaintiff claims that while employed by [the] Defendant he had filed a workers' compensation claim pursuant to the Illinois Workers' Compensation Act against the Defendant.

[3] The Plaintiff further claims that the reason stated in paragraph 'two' [2] above was the proximate cause of his firing and of Plaintiff's claimed damages.

[4] The Defendant denies that the Plaintiff was fired for the reason claimed by the Plaintiff's claimed damages.

[5] The Defendant claims that [the] Plaintiff was fired because the Plaintiff abused his sick leave benefits in violation of Section 7.03 of the Collective Bargaining Agreement."

¶ 32   Plaintiff's Instruction 4 (IPI Civil (2018) No. 250.02) was given and instructed the jury on Jon's burden of proof as follows:

"The plaintiff has the burden of proving each of the following propositions:

First, that the plaintiff was an employee of the defendant;

Second, that the plaintiff was fired from his employment with the defendant;

12

Third, that the plaintiff was fired because he filed a workers' compensation claim under the Illinois Workers' Compensation Act[;]

Fourth, that the plaintiff sustained damages as a result of his firing;

Fifth, that the reason stated in paragraph 'Third' above was the proximate cause of his firing and resulting damages.

If you find from your consideration of all the evidence that each of these propositions has been proven, then your verdict should be for the plaintiff. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proven, then your verdict should be for the defendant."

¶ 33 Plaintiff's Instruction 8, the "short version" of IPI Civil (2018) No. 15.01, was also given, which defined "proximate cause" for the jury as follows: "When I use the expression 'proximate cause,' I mean a cause that, in the natural or ordinary course of events, produced the Plaintiff's injury."

¶ 34 In order to recover damages for the tort of retaliatory discharge predicated upon his filing a claim under the Act, Jon had the burden of proving the following: "(1) that he was an employee before the injury; (2) that he exercised a right granted by the [Act]; and (3) that he was discharged and that the discharge was causally related to his filing a claim under the [Act]," *Clemons v. Mechanical Devices Co.*, 184 Ill. 2d 328, 336 (1998). In order to determine causation in the case at bar, the jury was required to decide SIPC's motive in terminating Jon. See *id*.

13

¶ 35 The jury instructions in this case informed the jury, *inter alia*, that Jon was required to prove that filing a claim under the Act was "a proximate cause of his firing and resulting damages." IPI Civil (2018) No. 250.02. Moreover, the instructions defined "proximate cause" as "a cause that, in the natural or ordinary course of events, produced [Jon's] injury." IPI Civil (2018) No. 15.01. Therefore, the jury instructions that were given properly directed the jury to find liability only if Jon proved that he was terminated for exercising his rights under the Act. The pattern instructions given were consistent with traditional tort analysis and fairly, fully, and comprehensively informed the jury of the legal principles relevant to Jon's burden of proof and the elements required to recover under his claim of retaliatory discharge. See *LaSalle Bank*, 384 Ill. App. 3d at 813. Accordingly, the circuit court did not abuse its discretion by refusing to give the nonpattern instructions—Plaintiff's Instructions 17 and 18—as requested by the plaintiff. See *Schultz*, 201 Ill. 2d at 285.

¶ 36                                    *III. Case Law Application*

¶ 37 The final issue on appeal concerns the application of *Clark v. Owens-Brockway Container* (297 Ill. App. 3d 694). Jon asks this court to extend the holding in *Clark* to cases where an employee exercises the right to seek medical treatment, and to cases where an employer refuses to allow an employee to claim work absences as workers' compensation leave, requires the employee to claim the absences as sick leave, then terminates the employee for violating the sick leave policy. Jon argued the applicability of the holding in *Clark* to this case throughout the proceedings below.

14

¶ 38 The holding in *Clark* was pertinent to the particular facts of that case where the employer took it upon itself to determine the nature and extent of the employee's work injury by hiring an investigator to observe the plaintiff's activities while she was off work recovering from the injury and undergoing physical therapy, then terminating the plaintiff for " 'fraudulent *** misrepresentation and conduct' in connection with her claims for workers' compensation." *Id*. at 696, 698-99. The reviewing court affirmed summary judgment in favor of the plaintiff, concluding that because the employer admitted that the termination "was connected to her workers' compensation filing and her collection of benefits," the termination was, "as a matter of law, 'causally related' to the filing of a claim under the [Act]," *Id.* at 698. In reaching its conclusion, the *Clark* court noted "that it is not the role of the employer, the circuit court, the jury, or this court to determine when Clark was able to return to work" and emphasized that "[t]he determination of the extent or duration of an employee's injury or disability is a question of fact for the Industrial Commission." (Emphasis omitted.) *Id*. at 700.

¶ 39 We decline Jon's invitation to extend the holding in *Clark*—which was based on the specific facts of that particular case—to create a *per se* application to this case, to cases where an employee simply exercises the right to seek medical treatment, or to cases where an employer refuses to allow an employee to claim work absences as workers' compensation leave, requires the employee to claim the absences as sick leave, then terminates the employee for violating the sick leave policy. We so decline because Jon's argument assumes facts that were not proven at trial. There were questions of fact regarding whether Jon was receiving treatment for any work-related injury and questions

15

of fact regarding whether SIPC knew that Jon was receiving treatment for any work-related injury.

¶ 40   Notably, there were no issues of fact in *Clark*, as summary judgment on the retaliatory discharge claim was granted and affirmed in favor of the plaintiff because there, causation was established as a matter of law by the employer's admission that the termination was connected to the plaintiff's filing the workers' compensation claim and collecting benefits. *Id*. at 698. Conversely, issues of fact existed in this case. Jon had the opportunity to present his evidence yet failed to meet his burden to prove the elements of the retaliatory discharge claim. Accordingly, we refuse to apply the holding of *Clark* to this case.

¶ 41   We conclude that the circuit court did not abuse its discretion by denying the motion for a new trial because it did not act arbitrarily without the employment of conscientious judgment, nor did it exceed the bounds of reason and ignore recognized principles of law, nor can we say that no reasonable person would take the position adopted by the circuit court. *Frulla*, 2018 IL App (1st) 172329, ¶ 26.

¶ 42                                 CONCLUSION

¶ 43   For the foregoing reasons, we affirm the March 25, 2019, order of the circuit court of Williamson County.


¶ 44   Affirmed.

16